IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT E. BANKS, | |
| Plaintiff, | |
| vs. | No. 07-2678-B/An |
| MARK LUTTRELL, | |
| Defendant. | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On August 10, 2007, Plaintiff Robert E. Banks, a resident of Manchester, Kentucky, filed a pro se complaint pursuant to 42 U.S.C. § 1983, along with an application seeking leave to proceed in forma pauperis. On the basis of the information set forth in Plaintiff's affidavit, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as Shelby County Sheriff Mark Luttrell.[1]

---

[1] Although the case caption also lists an unidentified Shelby County Sheriff's Deputy, service of process cannot be made on a fictitious party. Moreover, the filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent Plaintiff seeks to bring any complaint against any other individual or entity, he must identify the defendant and file a new lawsuit within the one-year statute of limitations applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). In this case, as will be discussed infra, the statute of limitations has
(continued...)

The complaint alleges that, on or about October 3, 2006, Plaintiff was hitchhiking on the entry ramp to a highway after his car had broken down. An unidentified Shelby County Sheriff's Deputy told Plaintiff "that he could not stand on the on ramp and hitchhike a ride," that "he could hitchhike a ride in the backseat of his 'damn cruiser,'" and that "if he seen the plaintiff anymore that night he would be going to jail." Compl., ¶¶ 3-4. Plaintiff went under a bridge, where he remained for nine (9) hours. He contends that the officer restricted his freedom of movement and that his actions constitute false imprisonment. In addition, Plaintiff slipped and fell as he attempted to get under the bridge, resulting in an injury to his back.

Banks seeks money damages in the amount of $2.5 million.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

The complaint contains no factual allegations about Defendant Luttrell. When a plaintiff completely fails to allege any

---

[1] (...continued)
expired and, therefore, no claim can be brought against the officer.

action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Defendant Luttrell cannot be held liable because of his position as Shelby County Sheriff. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint contains no allegations that Defendant Luttrell "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of Defendant Luttrell to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tenn., 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. Shehee, 199 F.3d at 300. Therefore, even

if it were assumed that the unidentified Sheriff's Deputy violated Plaintiff's constitutional rights, Defendant Luttrell could not be personally liable to Plaintiff.

The complaint also does not state a viable claim against the unidentified Sheriff's Deputy. As a preliminary matter, a one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). Plaintiff's claim accrued on October 3, 2006 and the one-year limitations period has expired.

Plaintiff is not entitled to amend his complaint to name the deputy once he has been identified. Under Fed. R. Civ. P. 15(c)(3), an amendment to a pleading relates back to the date of the original complaint if

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Sixth Circuit has held that Rule 15(c)(3)(B) is not satisfied "where the caption of an original complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers." Force v. City of Memphis, No. 95-6333, 1996 WL 665609,

4

at \*3 (6th Cir. Nov. 14, 1996) (citing Cox, 75 F.3d at 240)); see supra p. 1 n.1.

Moreover, the complaint does not state a viable Constitutional claim against the deputy. The complaint makes clear that Plaintiff was not arrested but was, at most, threatened with arrest. Under Tennessee law, hitchhiking is a Class C misdemeanor, Tenn. Code Ann. § 55-8-139, so the deputy was authorized to issue a citation and, if necessary, remove Plaintiff from the roadway if he persisted in the conduct. The deputy also did not compel Plaintiff to remain under a bridge for nine hours. If Plaintiff's car had broken down, it is not clear why Plaintiff did not return to his car to wait for assistance or ask the deputy to call a tow truck. The deputy also cannot be held responsible for the fact that Plaintiff slipped and injured his back while under the bridge. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998) (rejecting claim for injuries incurred by motorcyclist killed in high-speed police chase); Peete v. Metropolitan Gov't of Nashville & Davidson County, 486 F.3d 217 (6th Cir. 2007) (dismissing claim by survivors of patient who died after being restrained by paramedics who were attempting to administer treatment for epileptic seizure). Finally, even if the complaint could be construed as asserting some plausible claim for violation of any of Plaintiff's constitutional rights, the deputy will be entitled to qualified immunity, as there appears to be no basis for concluding that, at the time of the encounter with Plaintiff, a reasonable

officer would understand that his enforcement of the law prohibiting hitchhiking violated Plaintiff's rights.[2]

Therefore, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis

---

[2] "Governmental officials performing discretionary functions generally are shielded from liability for civil damages in so far as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S 800, 818 (1982).

> A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the alleged facts show the officer's conduct violated a constitutional right? This must be the initial inquiry. . . .
>
> If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in the specific context of the case, not as a broad general proposition.

Saucier v. Katz, 533 U.S. 194, 201 (2001) (citation omitted). "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." Brousseau v. Haugen, 543 U.S. 194, 198 (2004); see also Dunigan v. Noble, 390 F.3d 486, 491 (6th Cir. 2004) ("In other words, where a constitutional violation exists, an officer's personal liability turns on the 'objective legal reasonableness' of the action in view of the circumstances the officer confronted assessed in light of 'clearly established' legal rules.") (citing Saucier, 533 U.S. at 201).

in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to

proceed <u>in</u> <u>forma</u> <u>pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 31st day of October, 2007.

                                  s/ J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE