IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

———————————————————————————————————————————

ROBERT E. BANKS,

    Plaintiff,

vs.                                          No. 07-2678-B/An

MARK LUTTRELL,

    Defendant.

———————————————————————————————————————————

ORDER DENYING MOTION FOR RECONSIDERATION
AND
ORDER DENYING MOTIONS TO COMPEL

———————————————————————————————————————————

On August 10, 2007, Plaintiff Robert E. Banks, a resident of Manchester, Kentucky, filed a pro se complaint pursuant to 42 U.S.C. § 1983, along with an application seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) The Court issued an order on October 31, 2007 that granted leave to proceed in forma pauperis; dismissed the complaint, sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted; and certified, pursuant to Fed. R. App. P. 24(a), that an appeal would not be taken in good faith. (D.E. 3.) Judgment was entered on November 1, 2007. (D.E. 4.)

On November 5, 2007, Plaintiff filed an amended complaint in this closed case, which was probably mailed before he received the dismissal order and judgment. (D.E. 5.) The amendment amplifies upon, but does not materially alter, the allegations of the

original complaint. If this amendment had been received before issuance of the dismissal order, the order issued would not be materially different.

On December 3, 2007, Plaintiff filed a motion for reconsideration (D.E. 8), which the Court construes as a motion pursuant to Fed. R. Civ. P. 60(b), which provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) [of the Federal Rules of Civil Procedure] does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001). Plaintiff's motion does not fit within this framework.

Banks first contends that the case should not have been dismissed without affording him the opportunity to identify the Shelby County Deputy Sheriff involved in the incident at issue. The October 31, 2007 order concluded that Plaintiff would have no claim against that individual because the complaint does not state a claim on which relief may be granted and because the statute of limitations had expired. Nothing in Plaintiff's motion for reconsideration persuades the Court that that conclusion was incorrect.

Plaintiff also emphasizes that the complaint must be construed favorably to him, the facts alleged in the complaint must be assumed to be true, and the complaint should not be dismissed unless it plainly appears he is not entitled to relief. In dismissing the complaint for failure to state a claim, the Court accepted Plaintiff's factual averments as to the incident in question but did not accept his assertion that hitchhiking is legal in Tennessee, which is contradicted by Tenn. Code Ann. § 55-8-139. A representation about the existence, or nonexistence, or a state statute is not a fact that must be assumed to be true.

Plaintiff's motion for reconsideration is DENIED.

On December 3, 2007, the Clerk docketed two copies of a motion entitled "Motion to Compel" (D.E. 6 & 7), which seeks

production of the radio dispatch tape for the incident in question. As the case has been dismissed, this motion is DENIED as moot.

IT IS SO ORDERED this 5th day of May, 2008.

                                             s/ J. DANIEL BREEN
                                             UNITED STATES DISTRICT JUDGE